

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| POLESTAR PERFORMANCE PROGRAMS, INC., Plaintiff, | : : : | CIVIL ACTION |
| v. | : : | |
| WILLIAM HOOS and AGENCY SALES PRO, LLC Defendants. | : : : : | No. 07-cv-1716 |

FILED
NOV 15 2007
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM AND ORDER

LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE

November 15, 2007

I.  FACTUAL AND PROCEDURAL OVERVIEW

Plaintiff Polestar Performance Programs, Inc. (hereinafter "plaintiff" or "Polestar") instituted this action against defendants William Hoos and Agency Sales Pro, LLC (hereinafter "defendants"). In it's Complaint, plaintiff asserts that defendant William Hoos, a former employee of plaintiff, violated the terms of his employment contract, and misappropriated plaintiff's copyrighted materials. Plaintiff thus brings claims for Copyright Infringement (Count I), Unfair Competition (Count II), common law Unfair Competition (Count III), Breach of Employment Agreement against Hoos (Count IV), and Tortious Interference with Existing and/or Prospective Contractual Relations (Count V).

Plaintiff and defendants have filed discovery motions relating to plaintiff's request

for materials provided by defendants to the clients of defendants. Defendants William Hoos and Agency Sales Pro, LLC initially filed a Motion for Protective Order, requesting that discovery be limited to "events occurring after March 18, 2007, and especially, the identity of the client obtained by defendants after March 18, 2007." (See Defendants' Motion at p. 1). Defendants argue that March 18, 2007 is an appropriate "cut-off" date because this is the date upon which his non-compete period set forth in his employment contract terminated. Defendants further argue that discovery should be limited because any alleged copyright infringement claim brought by plaintiff Polestar has thus far not been supported by any evidence of "actual damages" suffered by Polestar.

Plaintiff Polestar seeks the production of defendants' client list, as well as copies of communications between, and materials provided to, defendants' clients. Plaintiff contends that this discovery is relevant to it's breach of contract claim against, as well as to it's copyright infringement claim.

Pursuant to 28 U.S.C. §636(b)(1)(A), and by Order dated November 6, 2007, the Honorable Thomas O'Neill assigned these discovery motions to me for disposition.

II. LEGAL STANDARD AND DISCUSSION

Of course, the Federal Rules of Civil Procedure are liberal with respect to discovery. Federal Rule of Civil Procedure 26(b)1) provides as follows:[1]

---

[1] Despite the fact that the parties have filed extensive papers on this discovery dispute, the parties have completely failed to include the certification of good faith that is required under Local Rule of Civil Procedure 26.1(f). Apparently, the parties made no

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Where, as here, a protective order is sought, a Court "for good cause shown" may, in certain circumstances, enter the requested protective order. Fed. R. Civ. P. 26(c). Shingara v. Skiles, 420 F.3d 301, 305-06 (3d Cir. 2005). Rule 26(c) places the burden of persuasion on the party seeking the protective order to prove "good cause." Cippilone v. Ligget Group, 785 F.2d 1108, 1114 (3d Cir. 1986). The party seeking the protective order must show that disclosure of the information sought would result in a "clearly defined, specific, and serious injury." Shingara, supra, 420 F.3d at 306 (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786-87 (3d Cir. 1994)). "Broad allegations of harm are not specific enough to establish good cause." Id.

III. DISCUSSION

In the present case, the materials sought are relevant to the claims asserted by plaintiff. Plaintiff is entitled to conduct discovery regarding defendants' current client list, because such are relevant to plaintiff's claims of tortious interference with business

---

attempt to resolve this dispute prior to seeking Court's intervention, as is required by Local Rule.

relations (and may prove relevant to other claims as well). Moreover, plaintiff is entitled to production of materials provided to these clients by the defendants, because such materials may prove relevant to plaintiff's claims, particularly plaintiff's copyright infringement claims.

Defendants do not assert any claim of privilege. Rather, defendants simply object to the production of the requested materials because defendants fear that provision of such materials might have some injurious impact on defendants' relationship(s) with their clients. These generalized statements of feared or potential harm are insufficient to justify the issuance of a protective order.

Accordingly defendants' motion for a protective order is hereby DENIED, and plaintiff's motion to compel is GRANTED. An appropriate Order follows.

BY THE COURT:

LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| POLESTAR PERFORMANCE PROGRAMS, INC., Plaintiff, | : : : | CIVIL ACTION |
| v. | : : | |
| WILLIAM HOOS and AGENCY SALES PRO, LLC Defendants. | : : : | No. 07-cv-1716 |

FILED
NOV 15 2007
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### ORDER

AND NOW, this 15th day of November, 2007, upon consideration of Defendants' Motion for Protective Order (Docket Nos. 20 and 21), and Plaintiff's Opposition thereto (Docket No. 23), and Defendants' Reply Memorandum thereto (Docket No. 25); and upon consideration of Plaintiff's Motion to Compel Discovery (Docket No. 26), and Defendants' Opposition thereto (Docket No. 27), and Plaintiff's Reply Letter thereto, (Docket No. 29) IT IS HEREBY ORDERED as follows:

1. Defendants' Motion for Protective Order (Docket Nos. 21, 23, 25) is DENIED.

2. Plaintiff's Motion to Compel Discovery (Docket Nos. 26, 27, 29) is GRANTED. Defendant shall provide full and complete responses to Plaintiff's Discovery on or before November 26, 2007.

BY THE COURT:

_Lynne A. Sitarski_
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE

mail:
G. Gulin
V. Thur

e-mail:
P. Smitzer
G. Zidow
B. Crown